IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANNAMALAI ANNAMALAI, 56820-379,** ) | |
| *also known as* ) | |
| Swamiji Sri Selvam Siddhar, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil No. 24-cv-01207-JPG |
| ) | |
| **BOP,** ) | |
| **USA,** ) | |
| **S. HOLEM,** ) | |
| **DANIEL SPROUL,** ) | |
| **NATHAN SIMPKINS,** ) | |
| **STACEY BYRUM,** ) | |
| **S. WALLACE,** ) | |
| **LESLIE BROOKS,** ) | |
| **HOTTESS,** ) | |
| **COLETTE PETERS,** ) | |
| **RANDALL PASS,** ) | |
| **ANNABELL FIELDS,** ) | |
| **WARDEN EMMERICH,** ) | |
| and **JOHN DOE 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is now before the Court for case management. On May 2, 2024, Plaintiff filed his Complaint (Doc. 1) without a Motion for Leave to Proceed *in forma pauperis* (IFP motion) or prepayment of the $405.00 filing fee for this action. The Court entered an Order (Doc. 6) requiring him to file an IFP motion or prepay the $405.00 filing fee within 30 days. Plaintiff was warned that failure to comply with the Order at Doc. 6 by the deadline (June 3, 2024) would result in

1

dismissal of the entire action without prejudice. *Id*. (citing FED. R. CIV. P. 41; *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)).

Four days later, on May 6, 2024, the Court entered an updated fee order, after noting that Plaintiff "struck out" by filing three or more prisoner civil suits that were dismissed as frivolous, malicious, or for failure to state a claim before commencing this action. Under 28 U.S.C. § 1915(g), Plaintiff was disqualified from proceeding IFP, unless he faced imminent danger of serious physical injury. Because he did not, the Court ordered him to prepay the full $405.00 filing fee for this case and deferred screening of this matter until he did so. In addition, Plaintiff was ordered to show cause why he should not be required to pay an *additional* $405.00 filing fee for filing this new case on the same day he voluntarily dismissed a duplicative action,[1] *Annamalai v. Fed'l Bur. of Prison, et al.*, No. 24-cv-01154-JPG (S.D. Ill. vol. dismissed May 2, 2024). His deadline for responding to this Order was May 20, 2024.

Plaintiff filed a "Notice of Paying His Fees in Full" (Doc. 8) on May 14, 2024. He referred to an enclosed check for full payment of the filing fee, but no check was included. *Id*. Plaintiff instead enclosed a "Request for Withdrawal of Inmate's Personal Funds." (Doc. 8, p. 3).

He then filed a "Verified and Amended Response to Show Cause Order" (Doc. 10) on May 17, 2024, in which Plaintiff clarified that he only *requested* payment of the filing fee from his inmate account. He asked that the case be allowed to proceed upon receipt of a single $405.00 payment for this case without the assessment of a second fee for the duplicative case.

---

[1] Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the Court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) stay proceedings until the plaintiff complies."

Alternatively, he requested dismissal of both cases without prejudice to avoid the additional filing fee payment for his duplicative case. *Id*.

To date, the Court has received a single payment of $150.00 (made June 21, 2024). (Doc. 11). Plaintiff has made no additional payments toward the filing fee for this case, the duplicative case, or any other case in this District since he commenced this action. Having missed the deadlines for paying his $405.00 filing fee for this case on May 20, 2024 and June 3, 2024, the Court deems it appropriate to dismiss this action without prejudice for non-compliance with the Court's Orders at Docs. 6 and 7 and for failure to prosecute his claims herein.

## **Disposition**

This action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with two Court Orders (Docs. 6 and 7) and his failure to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The pending motions (Docs. 3 and 4) are **TERMINATED**.

Plaintiff's obligation to pay the filing fee for *this action* was incurred at the time the action was filed, so the full fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

For now, the Court will not require Plaintiff to pay an additional $405.00 filing fee for his duplicative case, No. 24-cv-01154-JPG. However, the Court reserves ruling on this issue in the event Plaintiff re-files his complaint for a third time in this District.

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within sixty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Because Plaintiff has already incurred three "strikes," his request to proceed IFP on appeal will be denied. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/23/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**